**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Scott, | No. CV-16-03703-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Center for Hematology and Oncology PLC, et al., | |
| Defendants. | |

Relator J. Scott has filed a *qui tam* action against Defendants Arizona Center for Hematology and Oncology PLC (d/b/a Arizona Center for Cancer Care, "AZCCC") and Drs. Devinder Singh, Terry Lee, Daniel Reed, and Christopher Biggs, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. Doc. 47. Defendants have filed motions to dismiss the Second Amended Complaint under Rule 12(b)(6). Docs. 54, 55, 56, 58. The motions are fully briefed and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons that follow, the Court will dismiss Counts One, Two, and Three in part, and dismiss Count Four.

## I. Background.

For purposes of this motion, Relator's factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). AZCCC is a hematology and oncology practice that was formed in 2008 when Drs. Singh, Lee, Reed, and Biggs merged their practices. Doc. 47 ¶ 12. Dr. Singh is a practicing physician who also serves as the owner and president of AZCCC. *Id.* ¶ 14. He has "final decision making authority at AZCCC

and is ultimately responsible for the fraudulent billing within the AZCCC Radiation Oncology Department." *Id.* Drs. Lee, Reed, and Biggs are practicing physicians in and owners of AZCCC's radiation oncology department. *Id.* ¶¶ 16, 18-19.

Relator is AZCCC's radiation oncology billing manager. *Id.* ¶ 11. Through his work in this position, Relator discovered five schemes in which Defendants submitted fraudulent claims for payment to Medicare, Medicaid, and Tricare. *Id.* ¶¶ 2, 11, 20.

First, all Defendants falsely billed for intense physician involvement in stereotactic body radiation therapy ("SBRT") ("Scheme One"). *Id.* ¶¶ 73-83. Medical practices and professionals use Current Procedural Terminology ("CPT") codes to document their services for billing purposes. CPT code 77014 reflects a single SBRT treatment, which includes a physician's brief guidance to an imaging technician. *Id.* ¶¶ 76-83. When a physician personally participates in the preparation and administration of the entire SBRT treatment, a provider may simultaneously bill CPT code 77290. *Id.* ¶¶ 73-77. This typically happens on the first day of SBRT treatments that are administered over multiple days. *Id.* ¶¶ 82-83. Relator alleges that Defendants consistently failed to do the work necessary to bill CPT code 77290. *Id.* ¶ 92. Relator offers billing records showing approximately 4,000 claims for payment in which Defendants coded CPT codes 77014 and 77290 for every SBRT treatment. *Id.* ¶¶ 99-109. Relator claims that AZCCC fraudulently received about $2 million from this scheme between January 2011 and June 2016. *Id.* ¶ 115.

Second, all Defendants improperly billed for special procedures they did not perform ("Scheme Two"). *Id.* ¶¶ 118-35. CPT code 77470 reflects the additional physician work required for specialized and time-consuming procedures. *Id.* ¶¶ 119. Billing this code requires extra documentation. *Id.* ¶ 122. Relator asserts that Defendants used this code for unapproved, routine procedures and did so without the necessary documentation. *Id.* ¶¶ 121-22. To substantiate the lack of special circumstances justifying CPT code 77470, Relator offers comparative billing data. *Id.* ¶¶ 129-34. Centers for Medicare and Medicaid Services ("CMS") data reflect that the average

radiation oncologist in Arizona billed this code 47 times in 2014. *Id.* ¶ 129. But AZCCC's billing data show that three Defendants billed this code with disproportionate frequency in 2014: 133 times for Dr. Lee, 131 times for Dr. Biggs, and 105 times for Dr. Reed. *Id.* ¶ 130. Relator claims that Defendants have received about $2.43 million from this scheme. *Id.* ¶ 128.

Third, all Defendants filed claims for medically unnecessary computerized tomography ("CT") scans ("Scheme Three"). *Id.* ¶¶ 136-61. Physicians use CT scans to identify the precise location of a tumor before the first phase of radiation treatment targeting it. *Id.* ¶ 136. Because a patient's internal anatomy might change during treatment for some cancers, a second CT scan may be required before the second phase of radiation. *Id.* ¶¶ 137, 140. But another CT scan is rarely required for the second phase of radiation treatment for breast and prostate cancers. *Id.* ¶¶ 138, 149. Anatomical changes in breast and prostate cancer patients are rare. *Id.* Relator asserts that an AZCCC office where Defendants practice has nonetheless billed for second CT scans for 90% of their prostate cancer patients and 75% of their breast cancer patients. *Id.* ¶ 148. Relator also alleges that AZCCC's treatment form automatically requests a second CT scan for all cancer patients. *Id.* ¶ 150. Relator identifies multiple examples of allegedly unnecessary secondary CT scans ordered by Drs. Lee, Reed, and Biggs. *Id.* ¶¶ 151-57. Relator claims that Defendants have received about $1.48 million from this scheme. *Id.* ¶ 159.

Fourth, all Defendants billed for inappropriate brachytherapy treatments ("Scheme Four"). *Id.* ¶¶ 162-72. Multiple CPT codes reflect physician management of brachytherapy treatment. *Id.* ¶ 163. When the brachytherapy is multi-step or includes external beam radiation, the provider can simultaneously bill CPT code 77427. *Id.* ¶ 164. External beam radiation may occur at most once in every five brachytherapy treatments. *Id.* ¶ 162. Relator offers approximately 1,000 billing records reflecting the simultaneous billing of CPT code 77427 for brachytherapy. *Id.* ¶¶ 165-67. Relator alleges that "all or virtually all" of those claims are fraudulent, which resulted in approximately $135,000 in false payments. *Id.* ¶¶ 167, 172.

Finally, AZCCC improperly sent the same bills to both private and federal insurance programs, creating overpayments that it has not refunded to the United States ("Scheme Five"). *Id.* ¶¶ 173-89. Relator also alleges that overpayments accrued because insurers mistakenly paid AZCCC twice. *Id.* ¶ 175. Relator alleges that AZCCC has failed to meet Affordable Care Act deadlines to refund these overpayments. *Id.* ¶¶ 177-78. Relator offers four examples to substantiate this allegation. *Id.* ¶¶ 183-88. Relator claims that AZCCC has wrongfully kept about $1.94 million through this scheme. *Id.* ¶ 189.

Relator filed a *qui tam* action against Defendants on October 26, 2016. Doc. 1. The United States declined to intervene (Doc. 8), and the Court unsealed the complaint on February 8, 2017 (Doc. 9). Relator remains employed by AZCCC, but the Second Amended Complaint alleges he has suffered retaliatory treatment because of his complaint. Doc. 47 ¶¶ 241-60.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed

factual allegations, but "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Because FCA claims involve allegations of fraud, they must also comply with the heightened pleading requirements of Rule 9(b). *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). That rule requires a party alleging fraud to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). A "pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (internal quotation marks omitted). Rule 9(b) does not require more than general allegations regarding malice, intent, knowledge, and other conditions of a person's mind. Fed. R. Civ. P. 9(b).

Rule 9(b) serves dual purposes: (1) to give defendants fair notice of the allegations of fraud, so that they have an opportunity to rebut specific accusations; and (2) to deter the harm caused by unsubstantiated fraud complaints. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). As a result:

> [M]ere conclusory allegations of fraud are insufficient. Broad allegations that include no particularized supporting detail do not suffice, but statements of the time, place and nature of the alleged fraudulent activities are sufficient. Because this standard does not require absolute particularity or a recital of the evidence, a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud. The complaint also need not identify representative examples of false claims to support every allegation. It is sufficient to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.

*Id.* (internal quotation marks and citations omitted).

**III.    AZCCC and Dr. Singh's Motion to Dismiss.**

      **A.    Count One.**

Count One alleges that all Defendants billed for services they never provided in violation of 31 U.S.C. § 3729(a)(1)(A).   Doc. 47 ¶¶ 261-83.   To state a claim under § 3729(a)(1)(A), Relator must allege: "(1) a false or fraudulent claim (2) that was material to the decision-making process (3) which defendant presented, or caused to be presented, to the United States for payment or approval (4) with knowledge that the claim was false or fraudulent." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047-48 (9th Cir. 2012).   Relator asserts that Schemes One, Two, and Four each establish this violation.   *See* Doc. 47 ¶¶ 269-73.   AZCCC and Dr. Singh contend that Count One fails to comply with Rule 9(b)'s heightened pleading standard.   Doc. 54.

      **1.    Scheme One.**

AZCCC and Dr. Singh offer several reasons to dismiss Count One with respect to Scheme One.   Defendants first argue that the complaint is irreconcilably inconsistent.   Doc. 54 at 5.   Counts One and Two each address the services at issue in Scheme One.   Doc. 47 ¶¶ 269, 288.   Yet Count One alleges that these services were not provided, and Count Two asserts that they were performed but medically unnecessary.   *Id.*   Defendants argue that this internal inconsistency renders the complaint implausible.   Doc. 54 at 5.   But Rule 8 allows pleading in the alternative even if the claims are inconsistent.   Fed. R. Civ. P. 8(d)(3).   The cases Defendants cite do not require otherwise.   Rather, they reveal that courts must evaluate the plausibility of a complaint in light of all the facts and circumstances alleged.   *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM, 2015 WL 3914741, at *9-10 (C.D. Cal. June 25, 2015) (where plaintiff alleged lender's violation of an obligation that only applied if she had completed a loan application, contradictory facts about whether she completed the application rendered the complaint implausible); *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1199-1200 (N.D. Cal. 2008) (considering contradictory market definition with other factors to find a counterclaim implausible).   Relator's complaint clearly alleges that the services were not

provided. If Defendants can establish that some or all of the services were provided, Relator alleges that they were not necessary. *See* Doc. 60 at 9-10. This is a plausible alternative claim for relief.

AZCCC and Dr. Singh argue that the complaint fails to identify the specific fraudulent claims for which they are liable. Doc. 54 at 5-6. Relator counters that he need not identify representative examples for each Defendant. Doc. 60 at 10. The Court agrees with Relator. Rule 9(b) "does not require absolute particularity." *United Healthcare Ins. Co.*, 848 F.3d at 1180. The complaint need not "describe in detail a single specific transaction" or "identify representative examples of false claims." *Id.*

Dr. Singh contends that the complaint fails to identify any false claim he submitted. Doc. 54 at 5-6. But the complaint alleges that Dr. Singh has "final decision making authority at AZCCC and is ultimately responsible for the fraudulent billing within the AZCCC Radiation Oncology Department." Doc. 47 ¶ 14. This allegation is sufficient to state a claim against Dr. Singh.

AZCCC and Dr. Singh argue that Relator lacks the personal knowledge to make these claims. Doc. 54 at 6. Personal knowledge may be required for testimony under Federal Rule of Evidence 602, but the Court is aware of no requirement that a plaintiff have personal knowledge of all facts alleged in a complaint. Plaintiffs can prove their claims through the testimony of others and through evidence procured through discovery. Defendants cite no controlling precedent that requires a plaintiff to have personal knowledge of facts alleged in his complaint. Doc. 54 at 6. What is more, Relator's position as billing manager for the radiation oncology department renders his allegations more than unwarranted speculation.

AZCCC and Dr. Singh argue that the complaint is inadequate because it fails to cite any "controlling rule, regulation, or standard" that would make it improper to bill CPT code 77290. Doc. 54 at 7. But Relator does not allege some regulatory infraction in the billings – he alleges that Defendants billed for services they did not provide. No rule or regulation is required to show that false billings are fraudulent. The cases Defendants

cite are not to the contrary. *See United States ex rel. Hanna v. City of Chi.*, 834 F.3d 775, 779-80 (7th Cir. 2016) (where complaint alleges false certification *of compliance with a regulation*, failure to identify the regulation at issue requires dismissal); *United States ex rel. Polukoff v. St. Mark's Hosp.*, No. 2:16-cv-00304-JNP-EJF, 2017 WL 237615, at *8 (D. Utah Jan. 19, 2017) (considering complaint that alleged billing of unnecessary services, not "phantom services that were never provided"); *United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1024 (C.D. Cal. 2015) (dismissing allegations of *knowingly* failing to meet a disclosure obligation where relator neither made specific allegations of scienter nor identified "any Medicare statute, regulation, NCD, LCD, or claim form" that notified defendants of such an obligation); *United States v. Prabhu*, 442 F. Supp. 2d 1008, 1032 (D. Nev. 2006) (applying summary judgment standard to alleged billing for unnecessary services).

AZCCC and Dr. Singh contend that the complaint fails to allege facts sufficient to show that they acted with the requisite scienter. Doc. 54 at 8. Defendants emphasize that Relator's generalized allegation that he "counseled" Defendants is insufficient. *Id.* The complaint also fails, Defendants argue, to allege that any Defendant knowingly instructed him to bill CPT code 77290 improperly. *Id.* Relator counters that he need not allege knowledge with particularity. Doc. 60 at 13-15. The Court agrees. Rule 9(b) permits general allegations with respect to "[m]alice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b). The complaint's general allegations of scienter meet this standard. *See* Doc. 47 ¶¶ 24-45, 195-237.

### 2. Scheme Two.

AZCCC and Dr. Singh offer two reasons to dismiss Count One with respect to Scheme Two. Defendants argue that the complaint fails to allege the absence of circumstances justifying the use of CPT code 77470. Doc. 54 at 8-9. Relator counters that the complaint pleads reliable indicia that give rise to an inference of fraud. Doc. 60 at 15. The Court agrees with Relator. The complaint need only "allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong

inference that claims were actually submitted." *United Healthcare Ins. Co.*, 848 F.3d at 1180. The complaint satisfies this requirement.

Defendants also contend that the complaint improperly groups all Defendants together without explaining how each was involved in the fraud. Doc. 54 at 9; *see Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." (internal quotation marks omitted)). The Court does not agree. The complaint describes the specialized circumstances in which CPT code 77470 is appropriate. Doc. 47 ¶¶ 119, 122. It uses CMS statistics to allege that the average radiation oncologist in Arizona billed this CPT code just 47 times in 2014, while Drs. Lee, Biggs, and Reed each billed the code more than 100 times that year. *Id.* ¶¶ 129-30. And it alleges that Dr. Singh is the "final decision making authority at AZCCC and is ultimately responsible for the fraudulent billing within the AZCCC Radiation Oncology Department." *Id.* ¶ 14. These allegations describe a fraudulent scheme, identify each Defendant's role, and present sufficient indicia that false claims were actually submitted.

### 3. Scheme Four.

AZCCC and Dr. Singh offer two reasons to dismiss Count One with respect to Scheme Four. Defendants argue that the complaint fails to allege that that they acted with the requisite scienter. Doc. 54 at 10-11. As already noted, however, Rule 9(b) permits general allegations with respect to malice, intent, knowledge, and other conditions of a person's mind. Fed. R. Civ. P. 9(b).

They also argue that the complaint fails to allege the absence of circumstances justifying the use of CPT code 77427. Doc. 54 at 10. Defendants further assert that the complaint fails to identify specific false claims. Doc. 54 at 10-11. Relator counters that the complaint "identifies hundreds of patients for whom Defendants inappropriately billed under CPT [c]ode 77427." Doc. 60 at 7.

The Court agrees with Defendants. The complaint acknowledges that billing CPT code 77427 is appropriate in certain circumstances, such as when the brachytherapy is multi-step or includes external beam radiation. Doc. 47 ¶ 164. Relator alleges that Defendants "have consistently billed for brachytherapy treatment management using CPT code 77427 over the years and have received reimbursement for the same" (*id.* ¶ 165), and offers billing records reflecting approximately 1,000 instances in which Defendants billed CPT code 77427 (*id.* ¶¶ 166-67). But unlike Schemes One and Two, Relator does not put this allegation in context. Relator does not allege that the treatments at issue fell outside the circumstances where use of CPT code 77427 is appropriate, and alleges nothing to show that the billing volume or frequency represents an abnormality. As a result, the Court cannot "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court accordingly will dismiss Count One against AZCCC and Dr. Singh insofar as it relies on Scheme Four.

### B. Count Two.

Count Two alleges that all Defendants filed false claims for medically unnecessary services in violation of § 3729(a)(1)(A). Doc. 47 ¶¶ 284-302. Relator asserts that Schemes One, Two, and Three each establish this violation. *See id.* AZCCC and Dr. Singh generally argue that Relator fails to show he has the expertise to assert that certain services were medically unnecessary. Doc. 54 at 11. They also argue that he has no personal knowledge that they rendered unnecessary services. *Id.* As discussed above, however, there is no requirement that Plaintiff have personal knowledge of allegations in his complaint. Similarly, there is no requirement that he be an expert in the area. The Court must accept his factual allegations as true for purposes of this motion.

#### 1. Scheme One.

AZCCC and Dr. Singh offer three reasons to dismiss Count Two with respect to Scheme One. Defendants first argue that the complaint is irreconcilably inconsistent. Doc. 54 at 11. As already noted, the rules of civil procedure permit alternative pleading.

AZCCC and Dr. Singh next argue that the complaint is inadequate because it fails to cite any controlling regulation that would make these services unnecessary. Doc. 54 at 11-12. Defendants also argue that Relator has failed to show that his opinion on medical necessity controls. *Id.* The Court does not agree. Relator's description of Scheme One adequately explains the circumstances in which billing CPT code 77290 would be medically unnecessary (Doc. 47 ¶¶ 73-83), and the Court must take these allegations as true. *Iqbal*, 556 U.S. at 678.

AZCCC and Dr. Singh also contend that the complaint fails to allege circumstances showing that they billed CPT code 77290 improperly. Doc. 54 at 12. But the complaint explains that billing CPT code 77290 for each SBRT treatment for every patient is unnecessary. Doc. 47 ¶¶ 73-83. And it presents approximately 4,000 billing records in which Defendants billed CPT code 77290 for each SBRT treatment. *Id.* ¶¶ 99-109. This is sufficient to allege the absence of medical necessity.

### 2. Scheme Two.

AZCCC and Dr. Singh offer two reasons to dismiss Count Two with respect to Scheme Two. They first argue that Relator fails to identify a single instance of billing CPT code 77470 for medically unnecessary services. Doc. 54 at 12. But as noted above, Rule 9(b) does not require that Relator detail specific transactions or identify precise methods used to carry out the fraud. *United Healthcare Ins. Co.*, 848 F.3d at 1180. The complaint need only "allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* For reasons already explained, the complaint meets this standard.

AZCCC and Dr. Singh argue that the allegations are irreconcilably inconsistent. Doc. 54 at 12-13. Again, however, alternative pleading is allowed.

### 3. Scheme Three.

AZCCC and Dr. Singh offer several reasons to dismiss Count Two with respect to Scheme Three. Defendants first contend that the complaint fails to identify any controlling authority that would make follow-up CT scans unnecessary. Doc. 54 at 13.

To the extent an email from Dr. Tannehill says otherwise, Defendants argue, it does not render an opinion on the medical necessity of any specific procedure. *Id.* The Court is not aware, however, of any requirement that a complaint identify controlling authority. The complaint describes with particularity the circumstances in which a follow-up CT scan would be medically unnecessary. Doc. 47 ¶¶ 137-40. The Court must credit these allegations as true. *Iqbal*, 556 U.S. at 678.

AZCCC and Dr. Singh argue that the complaint fails to specify any particular physician who billed for an unnecessary CT scan. Doc. 54 at 13. Nor does it show the absence of circumstances justifying a second CT scan. *Id.* at 13-14. But Rule 9(b) only requires a description of the scheme with reliable indicia that false claims were actually submitted. *United Healthcare Ins. Co.*, 848 F.3d at 1180. The complaint meets this standard. It alleges that a second CT scan is rarely required for the second phase of radiation treatment for prostate and breast cancers. Doc. 47 ¶¶ 138, 149. Yet physicians at a particular office within AZCCC's practice, including Defendants, allegedly billed for a second CT scan for 90% of their prostate cancer patients and 75% of their breast cancer patients. *Id.* ¶ 148. Relator further asserts that AZCCC's paperwork automatically requested a second CT scan regardless of medical necessity. *Id.* ¶ 150. Relator has described a scheme and paired it with reliable indicia that false claims were actually submitted.

Dr. Singh argues that the complaint fails to allege that he requested an unnecessary CT scan. Doc. 54 at 14. But the complaint alleges that Dr. Singh was a physician at the office that had abnormally high billing rates for second CT scans and used a treatment form that automatically requested such scans. Doc. 47 ¶¶ 148, 150. The complaint also alleges that he is responsible for all of AZCCC's billing. *Id.* ¶ 14.

AZCCC and Dr. Singh contend that the complaint fails to allege facts sufficient to show that any Defendant knowingly billed for an unnecessary CT scan. Doc. 54 at 14. As noted, however, Rule 9(b) permits general allegations with respect to malice, intent, knowledge, and other conditions of a person's mind. Fed. R. Civ. P. 9(b).

### C.    Count Three.

Count Three alleges that all Defendants made or used false records or statements material to false claims in violation of § 3729(a)(1)(B).  Doc. 47 ¶¶ 303-10.  To state a cause of action under § 3729(a)(1)(B), Relator must allege that Defendants "knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim."  *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017) (quoting *Hooper*, 688 F.3d at 1048).  Relator asserts that Schemes One through Four establish this violation.  *See* Doc. 47 ¶¶ 308-09.

AZCCC and Dr. Singh contend that Count Three fails to comply with Rule 9(b)'s heightened pleading standard.  Doc. 54.  They first reassert their previous arguments regarding Counts One and Two.  *Id.* at 14.  Because the complaint inadequately asserts false claims, they argue, Count Three fails to allege false statements in those claims.  *Id.* For the reasons described above, the Court rejects this argument with respect to Schemes One, Two, and Three.  But the Court will dismiss Count Three insofar as it relies on the allegations in Scheme Four.  *See Kelly*, 846 F.3d at 335 (absence of false claim defeats a false records claim as a matter of law).

AZCCC and Dr. Singh also contend that Count Three fails to identify each Defendant's role in the alleged fraud.  Doc. 54 at 15.  Defendants characterize the complaint as simply making an allegation that they "knowingly made or used false records."  *Id.*  This is not accurate.  As explained above, the complaint describes Schemes One, Two, and Three with specificity.  Count Three incorporates those descriptions by alleging that Defendants violated § 3729(a)(1)(B) through their participation in those schemes.  Doc. 47 ¶¶ 308-09.  This is sufficient to put Defendants on notice of the claims against them.

### D.    Count Four.

Count Four alleges that AZCCC knowingly avoided an obligation to refund overpayments in violation of § 3729(a)(1)(G).  Doc. 47 ¶¶ 311-16.  This is the FCA's "reverse false claims" provision.  *Kelly*, 846 F.3d at 335.  To establish a cause of action

under § 3729(a)(1)(G), Relator must show that AZCCC "knowingly conceal[ed] or knowingly and improperly avoid[ed] or decrease[d] an obligation to pay or transmit money" to the United States. 31 U.S.C. § 3729(a)(1)(G). Relator asserts that Scheme Five establishes this violation. *See* Doc. 47 ¶¶ 311-16.

AZCCC contends that the complaint fails in several respects, including in its lack of any allegation that AZCCC committed fraud with respect to any credits. Doc. 54 at 15-16. The Court agrees. "The 'reverse false claims' provision does not eliminate or supplant the FCA's false claim requirement; it rather expands the meaning of a false claim to include statements to avoid paying a debt or returning property to the United States." *Cafasso*, 637 F.3d at 1056 (interpreting prior version of the reverse false claim provision); *see also Kelly*, 846 F.3d at 336 (quoting *Cafasso* for this proposition with respect to the current reverse false claim provision). "[T]o commit conduct actionable under the FCA, one must, in some way, falsely assert entitlement to obtain or retain government money or property." *Cafasso*, 637 F.3d at 1056. The complaint alleges with particularity the ways in which the alleged overpayments occurred (Doc. 47 ¶¶ 173-75), but it simply asserts that AZCCC "has avoided the obligation to return many of these credits to Medicare and Medicaid and continues the accumulation" (*id.* ¶ 182). It identifies no false statement or claims made by Defendants.

The complaint's four examples do not cure this deficiency. They allege that AZCCC failed to take action to remedy each overpayment (Doc. 47 ¶¶ 184-88), but a failure to act is not tantamount to a false statement or claim. "It is not enough to allege regulatory violations; rather, the false claim or statement must be the sine qua non of [the retention] of state funding." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017). "This type of allegation, which identifies a general sort of fraudulent conduct but specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude." *Cafasso*, 637 F.3d at 1057. The Court accordingly will dismiss Count Four.

### E.    Count Six.[1]

Count Six alleges that AZCCC and Dr. Biggs retaliated against Relator in violation of 31 U.S.C. § 3730(h).  Doc. 47 ¶¶ 317-23.  The Ninth Circuit has explained:

> The False Claims Act protects "whistle blowers" from retaliation by their employers.  Thus, the False Claims Act makes it illegal for an employer to "discharge[], demote[], suspend[], threaten[], harass[], or in any other manner discriminate[] against [an employee] in the terms and conditions of employment . . . because of lawful acts done by the employee . . . in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section . . . ."  31 U.S.C. § 3730(h).  An employee must prove three elements in a § 3730(h) retaliation claim: (1) that the employee engaged in activity protected under the statute; (2) that the employer knew that the employee engaged in protected activity; and (3) that the employer discriminated against the employee because [he] engaged in protected activity.

*Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002) (citation omitted).  Because these elements do not require a showing of fraud, Relator need not meet the heightened pleading standard of Rule 9(b) in his retaliation claim.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).

Relator alleges that (1) AZCCC threatened disciplinary action if Relator failed to attend an August 2017 billing meeting (Doc. 47 ¶ 243); (2) Dr. Biggs admonished Relator at the meeting to "do his job" when Relator raised compliance issues (*id.* ¶¶ 244-50); (3) Dr. Biggs threatened to issue Relator a written reprimand for his comments at that meeting (*id.* ¶¶ 251-52); (4) Dr. Biggs imposed an impossible deadline on Relator for an exhaustive compliance report (*id.* ¶¶ 254-56); and (5) Dr. Biggs accused Relator of poor job performance (*id.* ¶ 258).  Relator alleges that Dr. Biggs took these retaliatory actions on behalf of AZCCC.  *Id.* ¶ 321.

AZCCC argues that these allegations are insufficient, emphasizing that Relator has not been terminated, demoted, or formally disciplined.  Doc. 54 at 16-17.  But the FCA

---

[1] The Second Amended Complaint does not contain a fifth count.  *See* Doc. 47.

also prohibits threats and harassment. *See* 31 U.S.C. § 3730(h). Defendant disputes Relator's characterization of these events as threats and harassment (Doc. 54 at 16), but that is an issue that must be decided when the facts are fully developed. At this stage, the allegations of threats, admonishments, and accusations plausibly suggest that AZCCC discriminated against him for engaging in a protected activity. The Court will deny AZCCC's motion with respect to Count Six.

**IV. Dr. Lee's Motion to Dismiss.**

Dr. Lee contends generally that the complaint fails to comply with the heightened pleading standard in Rule 9(b). Doc. 55. Defendant first argues that the complaint fails to identify any specific claim he submitted with knowledge of its falsity. Doc. 55 at 6-7, 11. As noted above, however, knowledge need not be pled with particularity under Rule 9(b), and the Court finds the allegations of knowledge sufficient.

Dr. Lee next argues that the complaint fails to identify any controlling rule, regulation, or standard that he violated. Doc. 55 at 10. For reasons explained above, the Court does not agree. Relator has alleged with particularity the circumstances in which the billing in Schemes One, Two, and Three would be improper. Dr. Lee's attempt to apply the summary judgment standard does not require a different result. *See United States ex rel. Local 342 Plumbers and Steamfitters v. Dan Caputo Co.*, 321 F.3d 926, 933 (9th Cir. 2003) (requiring proof that statement was contrary to "an existing state of things" at summary judgment); *Prabhu*, 442 F. Supp. 2d at 1026 (requiring evidence of falsehood at summary judgment); *United States ex rel. Roby v. Boeing Co.*, 100 F. Supp. 2d 619, 625 (S.D. Ohio 2000) (requiring "proof of an objective falsehood" at summary judgment).

Dr. Lee also argues that the complaint violates Rule 8 insofar as Counts One, Two, and Three confusingly incorporate prior descriptions of the alleged schemes. Doc. 55 at 11. Defendant cites no authority for the proposition that incorporation of prior paragraphs is impermissible. *See id.* And Defendant acknowledges that Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Id.* The Court cannot discern how repeating the allegations of each scheme in each count would make the complaint more plain or concise. The Court finds the complaint sufficient with respect to Schemes One, Two, and Three.

### A. Count One.

Dr. Lee contends that Count One fails to comply with the heightened pleading standard in Rule 9(b). Doc. 55.

#### 1. Scheme One.

Dr. Lee offers two reasons to dismiss Count One with respect to Scheme One. Dr. Lee first argues that Relator lacks personal knowledge to assert that Dr. Lee did not provide these services. Doc. 55 at 7. As stated above, the Court does not agree.

Dr. Lee next contends that the complaint fails to allege facts sufficient to infer that false claims were actually submitted. Doc. 55 at 7. Specifically, Defendant argues that the mere allegation of the frequency with which Defendant billed CPT code 77290 is insufficient to state a plausible claim of fraud. *Id.* at 7-8. But the complaint asserts more than mere billing frequency. It explains that billing CPT code 77290 for each SBRT treatment for every patient would be both improper and illogical. Doc. 47 ¶¶ 73-83. And it offers approximately 4,000 records in which Defendants billed in that precise way. *Id.* ¶¶ 99-109. The Court therefore rejects this argument.

#### 2. Scheme Two.

Defendant contends that the complaint fails to identify specific claims in which he billed CPT code 77470 improperly. Doc. 55 at 8. For reasons already explained, the Court does not agree. *See supra* Part III(A)(2), (B)(2).

Dr. Lee next argues that the complaint fails to allege the absence of circumstances that would justify billing CPT code 77470. Doc. 55 at 8. The Court does not agree. *See supra* Part III(A)(2). The cases Defendant cites do not require a different result. *See Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 1000 (9th Cir. 2010) (affirming dismissal of complaint that contained nothing more than bald conclusions that fraudulent conduct occurred); *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 812 F.

Supp. 2d 1008, 1017-18 (D. Ariz. 2011) (rejecting use of statistics where relator failed to provide precise and objective contextual information or comparative data).

### 3. Scheme Four.

Defendant argues that the complaint fails to allege that he knowingly submitted any specific false claim. Doc. 55 at 10. For reasons already explained, the Court will dismiss Count One insofar as it relies on the allegations in Scheme Four. *See supra* Part III(A)(3).

## B. Count Two.

Dr. Lee contends that Count Two fails to comply with the heightened pleading standard in Rule 9(b). Doc. 55.

### 1. Schemes One and Two.

Dr. Lee does not offer separate arguments regarding Schemes One and Two with respect to Count Two. *See* Doc. 55. The Court's analysis regarding Defendant's arguments remains the same. *See supra* Part IV(A)(1)-(2).

### 2. Scheme Three.

Dr. Lee contends that Relator lacks the personal knowledge or expertise to allege that medical services are unnecessary. Doc. 55 at 9. For reasons already discussed, Relator need not have personal knowledge or medical expertise to make factual assertions in a complaint. The cases Dr. Lee cites apply a summary judgment standard. *See Prabhu*, 442 F. Supp. 2d at 1026-33; *United States ex rel. Phillips v. Permian Residential Care Ctr.*, 386 F. Supp. 2d 879, 884-85 (W.D. Tex. 2005).

## C. Count Three.

Dr. Lee makes no arguments specific to Count Three. *See* Doc. 55.

# V. Dr. Reed's Motion to Dismiss.

## A. Count One.

Dr. Reed contends that Count One fails to comply with the heightened pleading standard in Rule 9(b). Doc. 56.

### 1. Scheme One.

Dr. Reed offers several reasons to dismiss Count One with respect to Scheme One. Defendant first contends that the allegations in Counts One and Two with respect to Scheme One are irreconcilably inconsistent, but alternative pleading is permitted.

Dr. Reed argues that Relator lacks personal knowledge to allege that Dr. Reed failed to provide certain services. Doc. 56 at 9. Defendant argues that Relator's sole basis for the facts in the complaint is an audit report that did not address whether services were actually provided. *Id.* As discussed above, the Court finds Relator's factual allegations sufficient to state a claim. *See supra* Part III(A)(1).[2]

Dr. Reed argues that the complaint fails to identify any objective standard that would make billing CPT code 77290 impermissible. Doc. 56 at 10. The Court does not agree. *See supra* Part III(A)(1), (B)(1). The additional case Defendant cites does not require a different result. Defendant has not shown that Relator's detailed descriptions of the alleged schemes amount to "conclusory allegations." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

Dr. Reed contends that the complaint fails to allege an absence of circumstances justifying the use of CPT code 77290. Doc. 56 at 10-11. The Court does not agree. *See supra* Part III(B)(1).

Dr. Reed argues that the complaint fails to allege facts sufficient to show that he acted with the requisite scienter. Doc. 56 at 11. Defendant emphasizes that the external audit did not publish its findings regarding the proper use of CPT code 77290 until after his allegedly false claim in January 2013. *Id.* The Court does not agree. The complaint alleges that Defendant had a preexisting duty to know Medicare regulations. Doc. 47 ¶¶ 28-43. And Relator alleges that he repeatedly informed Defendants of his concerns about fraudulent billing. *Id.* ¶¶ 195-237. This included the delivery of a 28-page

---

[2] Dr. Reed submits two exhibits in support of this argument. Doc. 56 at 8-9, 18-25. But the Court cannot consider extrinsic evidence without converting his motion to dismiss into a motion for summary judgment. At this early stage of the litigation, when the parties have not engaged in meaningful discovery, the Court declines to do so.

compliance program document to Dr. Reed in August 2011. *Id.* ¶ 204. The complaint can allege scienter with these general allegations. *See supra* Part III(A)(1).

### 2. Scheme Two.

Dr. Reed offers three reasons to dismiss Count One with respect to Scheme Two. Defendant first argues that the complaint fails to allege a single instance in which he improperly billed CPT code 77470. Doc. 56 at 6. The Court does not agree. *See supra* Part III(A)(2), (B)(2). The Ninth Circuit case Dr. Reed cites does not require a different result. *See Cafasso*, 637 F.3d at 1057 (affirming dismissal where relator failed to identify any false claim *and* an inference of fraud was unwarranted given an "obvious alternative explanation" for the conduct).

Dr. Reed also contends that the complaint fails to allege the absence of circumstances that would justify billing CPT code 77470. Doc. 56 at 7. The Court does not agree. *See supra* Part III(A)(2).

Dr. Reed argues that Relator lacks the personal knowledge to allege that Dr. Reed did not provide medical services. Doc. 56 at 7. As noted above, personal knowledge is not required for allegations in a complaint.

### 3. Scheme Four.

To challenge the sufficiency of the allegations in Scheme Four, Dr. Reed offers the same arguments he did with respect to Scheme Two. Doc. 56 at 6-8. For reasons already explained, the Court will dismiss Count One insofar as it relies on the allegations in Scheme Four. *See supra* Part III(A)(3).

### B. Count Two.

Dr. Reed contends that Count Two fails to comply with the heightened pleading standard in Rule 9(b). Doc. 56. Dr. Reed makes three general arguments. Defendant first argues that Relator lacks the personal knowledge or expertise to assert that certain services are medically unnecessary. Doc. 56 at 11-12. The Court does not agree, as already noted. And Defendant has not argued that current regulations are ambiguous as to the circumstances in which these services are reasonable and necessary. *See*

*Polukoff*, 2017 WL 237615, at *9-10 (dismissing complaint where regulations did not define circumstances in which a particular medical procedure would be reasonable and necessary).

Dr. Reed next argues that Relator's allegations in Counts One and Two are irreconcilably inconsistent. Doc. 56 at 12. The Court has addressed this argument above. *See supra* Part III(A)(1).

Dr. Reed also argues that the complaint fails to allege facts sufficient to show that he acted with the requisite scienter. Doc. 56 at 4; Doc. 63 at 7. The Court does not agree. *See supra* Parts III(A)(1), V(A)(1).

### 1. Scheme One.

Dr. Reed first contends that Relator lacks a legitimate basis on which to assert that Dr. Reed billed CPT code 77290 for medically unnecessary services. Doc. 56 at 12-13. Specifically, Defendant characterizes Scheme One as relying solely on the findings of an external audit, which did not find that Dr. Reed provided unnecessary services. *Id.* But this mischaracterizes the complaint. Relator described the audit to lend support to his own observations as billing manager.

Dr. Reed next argues that the complaint fails to allege the absence of circumstances that would justify billing CPT code 77290. Doc. 56 at 13. The Court does not agree. *See supra* Part III(B)(1).

### 2. Scheme Two.

Dr. Reed first contends that the complaint fails "to allege a single instance where Dr. Reed utilized CPT code 77470 in any improper way, much less a particularized instance where Dr. Reed billed under CPT code 77470 for medically unnecessary services." Doc. 56 at 12. The Court does not agree. *See supra* Part III(A)(2), (B)(2).

Dr. Reed next argues that the complaint fails to allege the absence of circumstances that would justify billing CPT code 77470. Doc. 56 at 13. The Court does not agree. *See supra* Part III(A)(2), (B)(2).

### 3. Scheme Three.

Dr. Reed first contends that the complaint fails to identify any controlling authority that would make follow-up CT scans unnecessary. Doc. 56 at 13. To the extent an email from Dr. Tannehill says otherwise, Defendant argues, it does not render an opinion on the medical necessity of any specific procedure. *Id.* The Court does not agree. *See supra* Part III(B)(3).

Dr. Reed next argues that the complaint fails to demonstrate the absence of special circumstances justifying a second CT scan. Doc. 56 at 14. The Court does not agree. *See supra* Part III(B)(3).

### C. Count Three.

Dr. Reed first reasserts his previous arguments with respect to Counts One and Two. Doc. 56 at 14-15. Because the complaint inadequately alleges false claims, Defendant argues, Count Three fails insofar as it alleges false statements in those claims. *Id.* For the reasons described above, the Court rejects this argument with respect to Schemes One, Two, and Three. The Court will dismiss Count Three insofar as it relies on the allegations in Scheme Four. *See supra* Part III(A)(3), (C).

Dr. Reed next contends that Count Three lacks specificity. Doc. 56 at 15. The Court does not agree with respect to Schemes One, Two, and Three. *See supra* Part III(C).

Dr. Reed also argues that the complaint fails to allege facts sufficient to show that he acted with the requisite scienter. Doc. 56 at 15. As already explained, the complaint's allegations with respect to Schemes One, Two, and Three adequately described scenarios in which Dr. Reed knowingly caused bills to be submitted for unnecessary services or services not actually rendered. And the complaint's general allegations of scienter are sufficient under Rule 9(b). *See supra* Part III(A), (B).

**VI.    Dr. Biggs's Motion to Dismiss.**

**A.    Count One.**

Dr. Biggs contends that Count One fails to comply with the heightened pleading standard in Rule 9(b).  Doc. 58.

**1.    Scheme One.**

Dr. Biggs first argues that the complaint fails to identify any specific claim in which he billed CPT code 77290 improperly.  Doc. 58 at 4.  The Court does not agree. *See supra* Part III(A)(1).

Dr. Biggs contends that the complaint fails to articulate circumstances in which it would be inappropriate to bill CPT code 77290.  Doc. 58 at 4.  The Court does not agree. *See supra* Part III(B)(1).

Dr. Biggs argues that Relator lacks the personal knowledge to make these allegations.  Doc. 58 at 5.  The Court does not agree.  *See supra* Part III(A)(1).  The Ninth Circuit case Defendant cites does not require otherwise.  *See Applestein v. Medivation, Inc.*, 561 F. App'x 598, 600 (9th Cir. 2014) (affirming dismissal where complaint quoted witnesses who had no basis on which to form their "uncredited and speculative conclusions").

Dr. Biggs contends that Counts One and Two are irreconcilably inconsistent.  Doc. 58 at 5-6.  The Court does not agree.  *See supra* Part III(A)(1).  The cases Defendant cites do not require a different result.  Defendant has not established that the complaint is so "fraught with inconsistencies" as to require dismissal.  *Dhir v. Carlyle Grp. Emp. Co.*, No. 16-cv-06378 (RJS), 2017 WL 4402566, at *7-8 (S.D.N.Y. Sept. 29, 2017) (dismissing fraud claim based on "circumstantial, internally contradictory evidence of a harebrained, short-sighted conspiracy that defies logic").  And Counts One and Two are consistent insofar as both allege false claims.  *See Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1220-21 (N.D. Cal. 1998) (dismissing allegation that offered inconsistent assertions about whether the statement was actually false).

Dr. Biggs argues that the complaint fails to allege the absence of circumstances justifying the use of CPT code 77290. Doc. 58 at 6. The Court does not agree. *See supra* Part III(B)(1).

Dr. Biggs contends that the complaint's reliance on billing volume renders it inadequate. Doc. 58 at 6. The Court does not agree. *See supra* Part IV(A)(1).

Dr. Biggs argues that the complaint impermissibly groups the Defendants together. Doc. 58 at 6-7. Rule 9(b) does not require that Relator detail specific transactions or identify precise methods used to carry out the fraud. *United Healthcare Ins. Co.*, 848 F.3d at 1180. The complaint need only "allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* The complaint meets this standard. It describes the specialized circumstances in which CPT code 77290 is appropriate. Doc. 47 ¶¶ 73-77. It alleges that billing this CPT code for SBRT is only appropriate on the first day of a multi-day treatment. *Id.* ¶¶ 78-83. Yet it cites approximately 4,000 records in which Defendants, including Dr. Biggs, billed CPT code 77290 for each day of every patient's treatment. *Id.* ¶¶ 99-109. These allegations describe a fraudulent scheme, identify each Defendant's role in that scheme, and present reliable indicia that false claims were actually submitted. The cases Defendant cites do not require a different result. *See Untied States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." (internal quotation marks omitted)); *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (merely stating that "everyone did everything" does not meet the Rule 9(b) standard); *Modglin*, 114 F. Supp. 3d at 1017-18 (complaint against two companies was insufficient because it alleged that "defendants' agents and employees" committed fraud without distinguishing between the defendants or identifying their employees).

### 2. Scheme Two.

Dr. Biggs first contends that the complaint fails to identify any controlling law, regulation, or standard that would make billing CPT code 77470 improper. Doc. 58 at 7. The Court does not agree. *See supra* Part III(A)(2), (B)(2). The complaint describes with particularity the circumstances in which billing CPT code 77470 would be inappropriate.

Dr. Biggs next argues that the complaint fails to identify any specific false claim for which he is responsible. Doc. 58 at 7. The Court does not agree. *See supra* Part III(B)(2).

Dr. Biggs also argues that the complaint alleges wrongdoing based simply on billing volume. Doc. 58 at 8. The Court does not agree. *See supra* Part III(A)(2). The complaint compares Dr. Biggs's billing volume to that of the average Arizona radiation oncologist to reveal an apparent disparity.

### 3. Scheme Four.

Dr. Biggs seeks to dismiss Count One with respect to Scheme Four. Doc. 58 at 8-9. For reasons already explained, the Court will dismiss Count One insofar as it relies on the allegations in Scheme Four. *See supra* Part III(A)(3).

### B. Count Two.

Dr. Biggs contends that Count Two fails to comply with the heightened pleading standard in Rule 9(b). Doc. 58.

### 1. Schemes One and Two.

Dr. Biggs offers the same reasons to dismiss Count Two with respect to Schemes One and Two as he did regarding Count One. Doc. 58 at 9-10. For the same reasons, the Court rejects these arguments.

### 2. Scheme Three.

Dr. Biggs first argues that the complaint fails to articulate any controlling law, regulation, or standard that would make a second CT scan unnecessary. Doc. 58 at 10. The Court does not agree. *See supra* Part III(B)(3).

Dr. Biggs contends that the complaint fails to allege the absence of circumstances justifying a second CT scan. Doc. 58 at 10-11. The Court does not agree. *See supra* Part III(B)(3).

Dr. Biggs argues that the complaint alleges only that he ordered unnecessary CT scans, not that he actually billed for them. Doc. 58 at 11. But the complaint alleges that Dr. Biggs ordered unnecessary services with knowledge that his practice would bill federal insurance programs for those services. Doc. 47 ¶¶ 136-61, 195-231. That is sufficient to state a claim.

Dr. Biggs contends that the complaint fails to identify a single instance of him billing for an unnecessary CT scan. Doc. 58 at 11-12. The Court does not agree. *See supra* Part III(B)(3).

### C. Count Three.

Dr. Biggs first reasserts his previous arguments with respect to Counts One and Two. *Id.* at 12. Because the complaint inadequately alleges false claims, Defendant argues, Count Three fails insofar as it alleges false statements in those claims. *Id.* For the reasons described above, the Court rejects this argument with respect to Schemes One, Two, and Three. But the Court will dismiss Count Three insofar as it relies on the allegations in Scheme Four. *See supra* Part III(C).

Dr. Reed next contends that Count Three lacks specificity insofar as it impermissibly groups all Defendants together. Doc. 58 at 12-13. The Court does not agree with respect to Schemes One, Two, and Three. *See supra* Part III(A)(3), (C).

### D. Count Six.

Count Six alleges that AZCCC and Dr. Biggs retaliated against Relator in violation of 31 U.S.C. § 3730(h). Doc. 47 ¶¶ 317-23. Dr. Biggs joins in AZCCC's motion to dismiss Count Six. *See* Doc. 58 at 13. For reasons described above, the Court will deny Defendant's motion with respect to Count Six. *See supra* Part III(E).

**VII. Conclusion.**

The Court will dismiss Counts One, Two, and Three insofar as they rely on the allegations in Scheme Four. The Court also will dismiss Count Four. Counts One, Two, and Three survive insofar as they rely on allegations in Schemes One, Two, and Three. Count Six also survives.

**IT IS ORDERED**:

1.     AZCCC and Dr. Singh's motion to dismiss (Doc. 54) is **granted in part** and **denied in part** as explained above.

2.     Dr. Lee's motion to dismiss (Doc. 55) is **granted in part** and **denied in part** as explained above.

3.     Dr. Reed's motion to dismiss (Doc. 56) is **granted in part** and **denied in part** as explained above.

4.     Dr. Biggs's motion to dismiss (Doc. 58) is **granted in part** and **denied in part** as explained above.

Dated this 8th day of March, 2018.

_____
David G. Campbell
United States District Judge