WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex rel. J. Scott,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Center for Hematology and Oncology PLC; Christopher Biggs; Devinder Singh; Daniel Reed; and Terry Lee,<br><br>Defendants. | No. CV16-3703-PHX DGC<br><br>**ORDER** |

Qui tam relator J. Scott ("Relator") filed a motion to dismiss the counterclaim by Defendant Arizona Center for Hematology and Oncology PLC, d/b/a Arizona Center for Cancer Care ("AZCCC"). Doc. 114. AZCCC did not respond, but filed an amended counterclaim. Doc. 122. Relator again moves to dismiss. Doc. 123. The motion is fully briefed and the Court finds that oral argument is not needed. Docs. 126, 128. For the following reasons, the Court will deny Relator's motion.

**I.     Background.**

The Court takes the allegations of AZCCC's counterclaim as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). AZCCC is a "multispecialty cancer treatment center" that cares for patients throughout Phoenix. Doc. 122 at 49 ¶ 7. In 2008, AZCCC hired Relator to work as billing manager of the Radiation Oncology Department to develop and implement its billing system. *Id.* at 49

¶¶ 8-9. Relator's responsibilities included: "analyzing billing and claims for accuracy and completeness; serving as the . . . expert on coding and billing processes; ensuring that . . . billing operations [wer]e conducted in a manner consistent with payor rules and guidelines; . . . and keeping up-to-date with current coding, billing, and compliance requirements." *Id.* ¶ 10. Relator was, "essentially[,] the architect" of the billing system, and AZCCC relied on him to "ensure all claims were properly coded and compliant with applicable billing requirements prior to submission." *Id.* at 49-50 ¶¶ 9, 11.

AZCCC's billing policy included routine monitoring of overpayments and prompt refunds. *Id.* at 51 ¶ 17. An overpayment "is any payment that a healthcare provider receives in excess of amounts due and payable under the payor's policies." *Id.* ¶ 17. As a senior-level employee, Relator had the sole responsibility of overseeing insurance refunds and was authorized to "immediately approve and issue" identified overpayments. *Id.* at 51 ¶¶ 15-16, 18. AZCCC alleges Relator failed to complete required refunds, and that in several instances Relator reviewed an account multiple times, noted an overpayment, but failed to issue a necessary refund on the account. *Id.* at 52 ¶¶ 19-20. Relator's failure to issue refunds interfered with AZCCC's contractual relationships with payors and exposed it to a risk of liability. *Id.* at 53 ¶ 23.

When an account is not collectible, AZCCC will sometimes "write off" accounts receivable – monies owed to it. *Id.* at 54 ¶ 26. AZCCC's policy required Relator to "confer with and obtain consent from the physician associated with the account receivable" before writing off an account. *Id.* ¶ 27. "Relator was not authorized to write off accounts without approval." *Id.* ¶ 26. But Relator wrote off "approximately $250,000 in accounts receivable without obtaining the requisite consent from an AZCCC physician." *Id.* at 54-56 ¶¶ 28-32. Relator also used an incorrect code when billing a particular procedure, resulting in underpayments and lost revenue to AZCCC in the amount of approximately three million dollars between 2008 and 2017. *Id.* at 57-61 ¶¶ 34-42.

On October 26, 2016, Relator, individually and on behalf of the United States, sued AZCCC and several of its doctors – Dr. Christopher Biggs, Dr. Devinder Singh, Dr. Daniel Reed, and Dr. Terry Lee – for violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"). Doc. 1. The case originally was sealed, but was unsealed in February 2017. Doc. 9. AZCCC was served on June 6, 2017 (Docs. 117 ¶ 45; 18), terminated Relator (Doc. 124 at 6-7), and counterclaimed, alleging breach of fiduciary duty (Doc. 122 at 62, 64).

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Relator's Motion to Dismiss.

AZCCC never responded to Relator's first motion to dismiss (Doc. 114), and has since filed an amended counterclaim (Doc. 122). The Court will deny Relator's first motion as moot and consider only Relator's subsequent motion to dismiss. Doc. 124. Relator argues that AZCCC's claim is barred by the statute of limitations (*id.* at 12), fails sufficiently to plead breach of fiduciary duty (*id.* at 8-15), and violates Arizona's anti-SLAPP statute (*id.* at 15).

### A. Statute of Limitations.

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). But even if the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Indeed, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quoting *Jablon*, 614 F.2d at 682)); *see Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). "'Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Hernandez*, 138 F.3d at 402 (quoting *Supermail Cargo*, 68 F.3d at 1206).

Arizona law governs AZCCC's state law claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Actions for breach of fiduciary duty must commence within two years of the action's accrual. A.R.S. § 12-542; *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 7 P.3d 979, 981 (Ariz. Ct. App. 2000). "Under Arizona's discovery rule, a claim does not accrue until 'the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underling the cause.'" *Perez v. First Am. Title Ins. Co.*, No. CV–08–1184–PHX–DGC, 2010 WL 1507012, at *3 (D. Ariz. April 14, 2010) (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (1995)). AZCCC's claim is barred if, based on the face of its counterclaim, it

would be unable to prove that its claim accrued after March 29, 2016. *See* Doc. 88 (AZCCC's counterclaim filed March 29, 2018).

AZCCC alleges that it did not discover Relator's breach until after he filed his complaint in this case. Doc. 122 ¶¶ 44-48. Relator responds that AZCCC "had every opportunity . . . to exercise reasonable diligence in reviewing Relator['s] notes and overseeing Relator's work such that it would be on notice of any perceived deficiencies." Doc. 124 at 13. But the Court must accept AZCCC's allegations as true for purposes of this motion. AZCCC alleges that Relator became its billing manager in 2008, Relator provided AZCCC with assurances that he was billing in accordance with applicable requirements, AZCCC paid for Relator to receive training on billing practices, and AZCCC reasonably relied on Relator to handle billing properly. *Id.* at ¶ 46. AZCCC alleges that it conducted an investigation after being served with Relator's complaint in this case and, as a result, discovered his misconduct. *Id.* at ¶ 47. Accepting these allegations as true, the Court cannot conclude that AZCCC can prove no set of facts that would establish the timeliness of the claim. *Hernandez*, 138 F.3d at 402. The Court therefore cannot dismiss the claim at this stage on statute of limitations grounds.

### B. Failure to State a Claim.

#### 1. Rule 9(b) Standard.

Relator argues that AZCCC must satisfy the heightened Rule 9(b) pleading standard because its claim "sounds in fraud," and because "by seeking ten years[] of damages [AZCCC must be] accusing Relator of engaging in some kind of fraud or concealment." Doc. 124 at 8-9. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s purpose is to "ensure[] that allegations of fraud are specific enough to give defendants notice of the particular misconduct that is alleged . . . so that they can defend against the charge." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

But AZCCC alleges breach of fiduciary duty, not fraud or mistake. Docs. 122; 126 at 6. Relator cites no Ninth Circuit authority for extending Rule 9(b)'s heightened standard to breach of fiduciary duty. And Relator's unexplained case citations are unavailing. *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (holding "that the same heightened [Rule 9(b)] pleading standard applies to securities claims brought under [securities statute] *when premised on averments of fraud*.") (emphasis added); *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 288 (3d Cir. 1992) ("we hold that when [securities claims] are grounded in fraud, rather than negligence, Rule 9(b) applies."). The Court will apply Rule 8's pleading standard to evaluate AZCCC's claim.

### 2. Breach of Fiduciary Duty.

In Arizona, it is well settled that an employee owes his employer a fiduciary duty. *McCallister Co. v. Kastella*, 825 P.2d 980, 982 (Ariz. Ct. App. 1992) (citing *Mallamo v. Hartman*, 219 P.2d 1039, 1041 (Ariz. 1950)). The elements of a breach of fiduciary duty claim are "the existence of a duty owed, a breach of that duty, and damages causally related to such breach." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1004 (D. Ariz. 2011) (citing *Smethers v. Campion*, 108 P.3d 946, 949 (Ariz. Ct. App. 2005)). Relator argues that AZCCC fails sufficiently to plead all elements. Doc. 124 at 9-15.

AZCCC alleges that Relator was its employee and owed it a fiduciary duty. Doc. 122, ¶¶ 8-15. AZCCC alleges that Relator breached his duty by violating billing procedures, failing to complete required insurance refunds according to policy, using improper billing codes, and writing off accounts receivable without authorization. *Id.*, ¶¶ 16-43. AZCCC alleges this breach damaged it by interfering with contractual relationships, exposing it to liability, and causing revenue losses for under-billed procedures. *Id.*, ¶ 53. These allegations, if true, allow the Court to reasonably infer Relator breached his fiduciary duty to AZCCC.

Relator contends that AZCCC's inclusion of the "faithless servant doctrine" in its counterclaim is fatal. Doc. 124 at 9-11. AZCCC cites several cases in its counterclaim

- 6 -

applying the faithless servant doctrine, none from Arizona. Doc. 122 ¶ 54. "The faithless servant doctrine provides that an employee who violates his . . . duty of loyalty or fidelity in the performance of his . . . employment duties forfeits the right to compensation therefor." Barbara J. Van Arsdale, *Application of "Faithless Servant Doctrine"*, 24 A.L.R. 6th 399 (2007). But AZCCC's counterclaim cannot be read as limited to this doctrine, and, as discussed above, AZCCC sufficiently alleges breach of fiduciary duty under Arizona law. Whatever the ultimate viability of the faithless servant doctrine in this case, the Court cannot conclude that AZCCC has failed to state a claim for breach of fiduciary duty.

Relator also argues that AZCCC has not pled breach because the counterclaim shows he was diligent and acted in good faith. Doc. 124 at 11. This is a factual argument not appropriate for a Rule 12(b)(6) motion. At this stage, AZCCC need not prove breach or disprove Relator's defenses – it need only satisfy Rule 8, which it has done. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Relator's cited cases were all resolved at trial. *See Atkinson v. Marquart*, 541 P.2d 556, 558 (Ariz. 1975); *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 66 (Ariz. 1966); *Sequoia Vacuum Sys. v. Stransky*, 229 Cal. App. 2d 281 (Cal. Ct. App. 1964); *Little Rock Towel & Linen Supply Co. v. Indep. Linen Serv. Co. of Ark.*, 377 S.W.2d 34, 37-38 (Ark. 1964); *Golden Rod Mining Co. v. Bukvich*, 92 P.2d 316 (Mont. 1939).

Relator argues that AZCCC fails to plead damages by omitting necessary facts about how much money was under-refunded, over what time period Relator failed to refund monies, how Relator's actions exposed AZCCC to liability, whether AZCCC would have authorized Relator's unapproved write-offs, whether AZCCC had a payor contract about billing codes, and whether Relator's training preceded any misconduct. Doc. 124 at 14-15. But AZCCC need not set forth detailed factual allegations in its counterclaim; it must plead only enough facts to allow the Court to infer Relator's liability. *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The counterclaim

sufficiently alleges that AZCCC was damaged by Relator's breach of fiduciary duty. Doc. 122, ¶ 53.

## IV. Arizona's anti-SLAPP statute.

Relator argues the Court should dismiss AZCCC's claim as frivolous and in violation of Arizona's anti-SLAPP statute. Doc. 124 at 15-18. *See* A.R.S. § 12-752 (strategic lawsuits against public participation; motion to dismiss, ("SLAPP")). The statute provides:

> In any legal action that involves a party's exercise of the right of petition, the defending party may file a motion to dismiss the action under this section. The court shall grant the motion unless the party against whom the motion is made shows that the moving party's exercise of the right of petition did not contain any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual compensable injury to the responding party.

A.R.S. § 12-752(A)-(B).

> "Exercise of the right of petition" means any written or oral statement that falls within the constitutional protection of free speech and that is made as part of an initiative, referendum or recall effort *or that is all of the following:*
>
> (a) Made before or submitted to a legislative or executive body or any other governmental proceeding.
>
> (b) Made in connection with an issue that is under consideration or review by a legislative or executive body or any other governmental proceeding.
>
> (c) Made for the purpose of influencing a governmental action, decision or result.

*Id.* § 12-751(1) (emphasis added). "Government proceeding" excludes "a judicial proceeding." *Id.* § 12-751(2).

"The first step in evaluating an anti-SLAPP motion is to determine whether the statements at issue involve an exercise of the right of petition, as defined by the statute."

*Tennenbaum v. Ariz. City Sanitary Dist.*, 799 F. Supp. 2d 1083, 1086 (D. Ariz. 2011). To qualify for protection under the statute, the moving defendant's statements must be constitutionally protected free speech and be made as part of a recall effort, or must satisfy all three prongs in § 12-751(1)(a)-(c). *Id.*

Relator, as the moving defendant in AZCCC's counterclaim, argues that he exercised "the right of petition" under the statute with his submission of a disclosure statement and qui tam complaint to the Department of Justice. Doc. 124 at 17. This submission, Relator argues, was a "written statement to an executive body or as a part of [a] governmental proceeding" to satisfy the first prong in § 12-751(1)(a). *Id.* The Court does not agree.

Section 12-751(2) of the anti-SLAPP statute excludes statements made in judicial proceedings, and Relator's submission of his complaint and supporting documents to the Department of Justice was merely a requirement for filing this judicial proceeding. 31 U.S.C. § 3730(b)(2); *cf. Varela v. Perez*, No. CV–08–2356–PHX–FJM, 2009 WL 4438738, at *1 (Nov. 30, 2009) ("The [anti-SLAPP] statute was intended to encourage the free participation in the process of government. The defendants have cited no case interpreting the right to petition the government under Arizona's anti-SLAPP statute as including the filing of a criminal complaint with law enforcement. The crime victim defendants' report of criminal activity to the police is not a 'petition to the government' as that term is used in A.R.S. § 12–751. Therefore, the statute has no application to the present case.").

Even if Relator could establish that he had exercised "the right of petition" under § 12-751(1)(a), the issue in his qui tam suit is not "under consideration or review by a legislative or executive body" under § 12-751(1)(b). Relator asserts that federal agencies will decide the issue of "reimbursement payments to affiliated providers." Doc. 124 at 17. But Relator's qui tam suit is before the Court and will be resolved in a judicial proceeding, not by a legislative or executive body.

Further, Relator asserts he brought this suit "for the purpose of influencing the government to intervene in his case" under § 12-751(1)(c) (Doc. 124 at 17), but again, Relator's submission to the Department of Justice under § 3730(b)(2) was required. The United States' decision about whether to intervene in Petitioner's lawsuit is incidental to resolution of the case before the Court.

Finally, AZCCC's claims are not contrary to public policy. Doc. 124 at 15. "A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitution." *Tennenbaum*, 799 F. Supp. 2d at 1086. AZCCC's alleged injury results from Relator's breach of fiduciary duty, not from Relator's petitioning or free speech activities. Moreover, qui tam defendants are permitted to bring counterclaims for damages independent of the underlying FCA suit. *U.S. ex rel. Madden v. Gen. Dynamics Corp*, 4 F.3d 827, 831 (9th Cir. 1993) ("[W]e hold that qui tam defendants can bring counterclaims for independent damages. . . . [W]e are not persuaded that it is necessary to bar counterclaims in qui tam actions in order to provide relators with the proper incentive to file suit. The bounty provisions of the FCA already serve this purpose. Rather, we believe that some mechanism must be permitted to insure that relators do not engage in wrongful conduct in order to create the circumstances for qui tam suits and to discourage relators from bringing frivolous actions. Counterclaims for independent damages serve these purposes"). Even counterclaims that amount to indemnification need not necessarily be dismissed. *Id.* ("[I]t is possible to resolve the issue of a qui tam defendant's liability before reaching the qui tam defendant's counterclaims. If a qui tam defendant is found liable, the counterclaims can then be dismissed on the ground that they will have the effect of providing for indemnification or contribution. On the other hand, if a qui tam defendant is found not liable, the counterclaims can be addressed on the merits.") (citation omitted).

Relator is not protected by Arizona's anti-SLAPP statute and is therefore not entitled to attorneys' fees under the statute. The Court will not dismiss AZCCC's counterclaim on this basis or award Relator fees.

**IT IS ORDERED:**

1. Plaintiff's first motion to dismiss (Doc. 114) is **denied** as moot.
2. Plaintiff's motion to dismiss and for attorneys' fees (Doc. 123) is **denied**.

Dated this 11th day of October, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge